IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT ASSOCIATION, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMO WATER CORPORATION; et al.,<br><br>Defendants. | No. 1:11-cv-01068-TDS-PTS<br><br>PRIMO DEFENDANTS' RESPONSE TO EMPLOYEE RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN ISLANDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |

Defendants Primo Water Corporation, Billy D. Prim, Mark Castaneda, David J. Mills, Richard A. Brenner, David W. Dupree, Malcolm McQuilkin, David L. Warnock, and Jack C. Kilgore (collectively, "Primo Defendants") respectfully submit this response to the motion of Plaintiff Employees' Retirement System of the Government of the Virgin Islands ("VI Retirement System") for its appointment as lead plaintiff and for approval of VI Retirement System's selection of Robbins Geller Rudman & Dowd LLP as lead counsel and McDaniel & Anderson, LLP as liaison counsel.

Primo Defendants take no position regarding the appointment of VI Retirement System as lead plaintiff or the approval of VI Retirement System's selection of lead counsel. Primo Defendants, however, reserve their rights under Rule 23 of the Federal Rules of Civil Procedure to challenge, among other things, the adequacy of any lead plaintiff or the typicality of its claims, if and when the Court considers a motion for class certification. Primo Defendants also reserve their rights to challenge VI Retirement

System's satisfaction of other requirements to act as lead plaintiff or its standing to litigate the claims that the extant complaint asserts.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("Reform Act"), 15 U.S.C. § 78u-4, now is not the appropriate time for Primo Defendants to raise issues challenging the propriety of class certification, including any proposed lead plaintiff's qualifications to represent the putative class (*e.g.*, typicality, adequacy and other matters), or VI Retirement System's standing to litigate certain claims. As a threshold matter, courts within the Fourth Circuit have not resolved the issue of whether defendants have standing to object to a lead plaintiff motion. *Compare Johnson v. Pozen, Inc.*, No.1:07-CV-00599, 2008 WL 474334, at *1 n.2 (M.D.N.C. Feb. 15, 2008) ("The consensus among courts is that Defendants have no standing to object to the proposed Plaintiff's motion . . . ."); *with In re First Union Corp. Sec. Litig.*, 157 F. Supp. 2d 638, 641 (W.D.N.C. 2000) (noting that while courts have split on whether securities defendants have standing to challenge lead plaintiff motions, nothing prevents court from considering defendants' arguments in opposition to the motion). Whatever the answer to this question, "[a] wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for the Court's later consideration of a motion for class certification." *In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 566 (D. Md. 2001); *In re e.spire Commc'ns, Inc. Sec. Litig.*, 231 F.R.D. 207, 214 (D. Md. 2000).

At this time, the Court need only make a preliminary determination as to the proposed lead plaintiff's claims of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B). This preliminary determination has no bearing on the Court's subsequent consideration of these issues for purposes of class certification. *See* Joint Explanatory

Statement of the Committee of Conference, H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The provisions of the bill relating to the appointment of a lead plaintiff are not intended to affect current law [under Fed. R. Civ. P. 23] with regard to challenges to the adequacy of the class representative or typicality of the claims among the class."); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 60 (D. Mass. 1996) (court's "determination to appoint a person or persons as lead plaintiff must be without prejudice to the possibility of revisiting that issue in considering a motion for class certification"); *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 457-58 (D.N.J. 2000) (court's preliminary determination as to adequacy and typicality does not preclude defendants "from later contesting class certification on these bases").

At this juncture, and without the benefit of discovery (should any be ultimately appropriate) Primo Defendants have not had an adequate opportunity to explore VI Retirement System's fitness to represent the putative class. At the appropriate time, Primo Defendants may challenge the qualifications, under Rule 23 or otherwise, of VI Retirement System or any other lead plaintiff or named plaintiff. Primo Defendants accordingly reserve their rights to pursue such a challenge at a later date as well as to challenge VI Retirement System's standing to litigate the claims it may assert.

3

This 23rd day of February, 2012.

/s/ Kiran H. Mehta
Kiran H. Mehta
N.C. State Bar No. 11011
K&L Gates LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
Telephone: (704) 331-7437
Facsimile: (704)353-3137
kiran.mehta@klgates.com

Molly L. McIntosh
N.C. State Bar No. 36931
K&L Gates LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, NC 28202
Telephone: (704) 331-7547
Facsimile: (704) 353-3247
Email: molly.mcintosh@klgates.com

Douglas W. Greene
WA State Bar No. 22844
K&L Gates LLP
925 Fourth Avenue, Suite 2600
Seattle, WA 98104
Telephone: (206) 370-7594
Facsimile: (206) 623-7022
douglas.greene@klgates.com

*Attorneys for Defendants Primo Water Corporation, Billy D. Prim, Mark Castaneda, David J. Mills, Richard A. Brenner, David W. Dupree, Malcolm McQuilkin, David L. Warnock, and Jack C. Kilgore*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing *Response to Employee Retirement System of the Government of the Virgin Islands' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel* was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the registered participants, as follows:

Leslie Bruce McDaniel
Email: mcdas@mcdas.com
*Counsel for Plaintiff Plymouth County Retirement Association and Movant Employee Retirement System of the Government of the Virgin Islands*

Evan J. Kaufman
Email: ekaufman@rgrdlaw.com
*Counsel for Plaintiff Plymouth County Retirement Association*

Mark P. Goodman
Email: mpgoodman@debevoise.com
Michael T. Leigh
Email: mtleigh@debevoise.com
Daniel Alan M. Ruley
Email: aruley@belldavispitt.com
*Counsel for Defendant Culligan International Company*

Douglas William Ey, Jr.
Email: dey@mcguirewoods.com
Mark W. Kinghorn
Email: mkinghorn@mcguirewoods.com
R. Matthew Pearson
Email: mpearson@mcguirewoods.com
*Counsel for Defendants Stifel, Nicolaus & Company, Inc., BB&T Capital Markets, Janney Montgomery Scott LLC, and Signal Hill Capital Group LLC*

This 23rd day of February, 2012.

/s/ Kiran H. Mehta
Kiran H. Mehta
N.C. State Bar No. 11011
K&L Gates LLP
Hearst Tower, 47th Floor
214 North Tryon Street
Charlotte, North Carolina 28202
(704) 331-7437
(704) 353-3137 fax
kiran.mehta@klgates.com

*Attorneys for Defendants Primo Water Corporation, Billy D. Prim, Mark Castaneda, David J. Mills, Richard A. Brenner, David W. Dupree, Malcolm McQuilkin, David L. Warnock, and Jack C. Kilgore*